### RHODES v. NEW ORLEANS PUBLIC SERVICE, Inc.

#### No. 16902.

Court of Appeal of Louisiana. Orleans.

May 6, 1940.

A. R. Christensen, Edward J. Boyle, and Harry T. Wilkins, all of New Orleans, for appellant.

Alvin R. Christovich, of New Orleans, for appellee.

WESTERFIELD, Judge.

Emma Rhodes, who was injured by a fall said to have been caused by the premature starting of a street car, brings this suit for $6,100, for physical injuries said to have resulted from a fall, against the New Orleans Public Service, Inc., the owner and operator of the street car. The defendant admits that plaintiff fell while in the act of alighting from one of their street cars but denies that the car was prematurely started.

There was judgment below in favor of defendant dismissing plaintiff's suit and she has appealed.

Emma Rhodes is a colored domestic servant. She testified that on March 4, 1935, at about 9:30 p. m., she was returning from her work on one of defendant's street cars and that when the car neared the intersection of First Street and S. Claiborne Avenue she signalled for a stop and went to the rear of the car with the intention of alighting; that as she reached the rear platform the car came to a stop the doors were opened by the conductor and she attempted to alight in the usual manner, holding to a metal upright bar with her right hand, when the car started off "I was stepping out when the car pulled off and dragged and pulled me down". She is corroborated by two witnesses, Henry Potts and Warren Dixon. Henry Potts said "I seen the car when it rolled up there, and seen the doors come open. I seen this woman step out on the steps. When she stepped on the steps the street car started off, and the doors was coming up. She fell like a whirling, and when she fell, the street car rolled on about ten feet and stopped."

Warren Dixon testified that he was seated on the railing of the bridge situated on First Street across the neutral ground or canal of S. Claiborne Avenue; that he was waiting for someone to arrive by a street car of that line; that he remembers this car stopping on First Street and seeing the plaintiff as she attempted to alight from the car when "it seemed like to me, at the time she started to get off, the car started off again. I didn't hear any bell ring, but she fell as she got off".

Both Dixon and Potts testified that after plaintiff fell she was lying seven to ten feet back of the street car, which had moved forward to that extent and stopped again.

Five witnesses testified for defendant, including the motorman and conductor, all to the effect that the car did not move after it stopped for the plaintiff's signal, until it left the vicinity after the plaintiff had been helped to her feet and that the plaintiff, when she fell, was picked up at a point directly opposite the rear doors. One of these witnesses, Jess C. Minor, who was riding on the rear vestibule of the street car, stated that when the car stopped on S. Claiborne Avenue and First Street, he noticed the plaintiff as she walked towards the exit; that when the car stopped the conductor opened the doors which enclose the rear steps and plaintiff proceeded to alight; that as she stepped from the street car to the pavement "her foot turned or something happened and she fell to the pavement".

The testimony of plaintiff's witness, Henry Potts, is somewhat weakened by the impression that he tried to convey to the effect that there were two steps on the street car. For example, he says "when the door opened, she stepped down with one foot on the step. This foot hit the step. When she stepped down to the bottom step she fell this way". There is but one step on the street car and it is possible that what this witness thought was the second step was the pavement, which would place her on the ground when she fell and thus corroborate the testimony of defendant's witness, Jess C. Minor, to the effect that as she stepped on the pavement her foot turned causing her to fall. The witness, Warren Dixon, who testified for plaintiff, was so situated that according to his testimony he could not see the lower part of plaintiff's body as she stepped from the car. In fact, he saw only her head.

Plaintiff's counsel insist that the record presents a case which would justify us in reversing the decision of the trial court, though based upon a question of fact, but we cannot agree with him. On the contrary, we believe the judgment to be amply supported by the testimony, consequently, and.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.